UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHAWNA WELLS,<br><br>     Plaintiff,<br><br>     v.<br><br>SKYNET DIGITAL, LLC, an Idaho limited liability company, d/b/a MEDICAL SPECIALTIES OF IDAHO; AARON J. ALTENBURG, M.D., individually; and AARON J. ALTENBURG, M.D., P.C., an Idaho Professional Corporation,<br><br>     Defendants. | Case No. 4:14-cv-00450-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

     The Court has before it Defendant Skynet's Motion to Withdraw as Attorney of Record (Dkt. 50). Counsel for Skynet asks to withdraw because Skynet has dissolved. "No attorney of record who is the sole representative for a party may withdraw from representing that party without leave of the Court." Dist. Idaho Loc. R. 83.6(c)(1). Generally, in addressing a motion to withdraw as counsel, district courts consider whether the suit will be disrupted by the withdrawal, and considerations of judicial economy weigh heavily in favor of giving district judges wide latitude in these situations. *Whiting v. Lacara*, 187 F.3d 317, 321 (2nd Cir. 1999).

The Court has some serious concerns about allowing counsel to withdraw from representing Skynet at this point. As suggested by Plaintiff's counsel, Skynet's "dissolution" does not necessarily mean Skynet no longer exists. Skynet's Operating Agreement specifies that it is created pursuant to the Limited Liability Company Act as it existed when the Operating Agreement was executed. *Ulrich Decl.*, Ex. A, p. 1, Dkt. 52-2. The act states that a "dissolved limited liability company shall wind up its activities, and the company continues after dissolution only for the purpose of winding up." I.C. § 30-6-702(1). A company "[s]hall discharge the company's debts, obligations or other liabilities, settle and close the company's activities, and marshal and distribute the assets of the company." I.C. § 30-6-702(2)(a). A company may also "[p]rosecute and defend actions and proceedings, whether civil, criminal or administrative;" "[s]ettle disputes by mediation or arbitration;" and "[p]erform other acts necessary or appropriate to the winding up." *Id.*

Skynet's own Operating Agreement appears to recognize these wrapping up requirements. It states that "[u]pon dissolution of the Company, the Members shall, in the name and on behalf of the Company, take all actions reasonably necessary to wind up the Company pursuant to the Act." *Ulrich Decl.*, Ex. A, ¶ 10.2, Dkt. 52-2. Only "[u]pon completion of the winding up, liquidation and distribution of assets, the Company shall be deemed terminated." *Id.*

Questions also remain about the relationship between Skynet and newly formed MSI. These questions likely will not be answered until a response to the amended complaint is filed.

Under these circumstances, the Court finds that allowing counsel to withdraw from representing Skynet at this point would significantly disrupt the litigation. There may be a time when counsel will be allowed to withdraw – but now is not that time. Accordingly, the Court will deny the motion.

## ORDER

1. Defendant Skynet's Motion to Withdraw as Attorney of Record (Dkt. 50) is **DENIED**.

DATED: June 2, 2016

B. Lynn Winmill
Chief Judge
United States District Court